UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 3:09-cr-193 (SRU) |
| JUAN BURNEY | |

**RULING AND ORDER**
**DENYING DEFENDANT'S REQUEST FOR RELEASE**

Juan Burney originally appeared before this Court pursuant to an Information that charged Burney with knowingly and intentionally possessing with intent to distribute five or more grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. sections 841(a)(1) and 841 (b)(1)(B)(iii).  Burney waived indictment (doc. 9) and pleaded guilty to the charge (doc. 11).  I sentenced him to five years' imprisonment and forty-eight months' supervised release, the statutory mandatory-minimum sentence (doc. 37).  The Bureau of Prisons discharged Burney from incarceration on August 16, 2013, and he began supervised release.  Bureau of Prisons Inmate Locator (last accessed Feb. 9, 2015).

On October 15, 2014, the Court issued an arrest warrant for Burney for the alleged commission of a state offense and for unlawful possession of a controlled substance with intent to sell, both violations of the conditions of Burney's supervised release (doc. 46).  Burney appeared before Magistrate Judge Holly B. Fitzsimmons regarding the alleged violation (doc. 51), and Magistrate Judge Fitzsimmons ordered that Burney be detained pending his final revocation hearing (doc. 50).  Burney moved to be released on bond (doc. 52), and I held a Bond Hearing on November 6, 2014 (doc. 55), at which I continued the hearing, and denied Burney's bond request on the merits and without prejudice (doc. 55).

Burney and his counsel raised their concern that Burney would lose credit for hours he had completed toward his apprenticeship with the New England Laborers' Union.  I asked

Burney's counsel, Jonathan Einhorn, to submit information regarding whether Burney's continued detention would cause him to lose credits for the hours he had trained. Einhorn submitted documentation from the union indicating that Burney would be "removed" from his program if he did not complete his hours by May 30, 2015, but those submissions were silent regarding whether Burney would be able to apply for readmission and receive credit for those hours at a later date (docs. 59, 60). I clarified my order (doc. 61) and noted that a bond hearing without additional information would be futile.

On February 9, 2015, Burney's family members submitted a fax directly to chambers. That fax included a letter from the union noting that Burney would be removed from the apprenticeship program if he was unable to complete his hours by May 30. The letter additionally stated "If you are removed from the program you will be able to reapply when applications are accepted at your local. . . . If the Joint Apprenticeship Committee allows you to once again participate in the program, you will be credited for the work and training hours you have completed." Letter from Juan Burney (dated Feb. 4, 2015) (doc. 62).

Burney will have the opportunity to receive credit for the time he has accrued in the apprenticeship program, and he will have the opportunity for readmission. In light of those factors and all the matters considered at the November 6 bond hearing, Burney's request for release on bond is DENIED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 9th day of February 2015.

   /s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge